UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JODY DWAYNE FLOWERS,

      **Plaintiff,**                          **CASE NO.**

v.

**EASTERN ACCOUNT SYSTEM**         **JURY TRIAL DEMANDED**
**OF CONNECTICUT, INC.,**

      **Defendant.**
_____/

## COMPLAINT

      Plaintiff, Jody Dwayne Flowers ("Plaintiff" or "Mr. Flowers"), by and through the undersigned attorney, hereby files the following Complaint against Eastern Account System of Connecticut, Inc. ("Defendant" or "Eastern"), and states as follows:

## PRELIMINARY STATEMENT

      1.      On May 29, 2020, Plaintiff filed a voluntary bankruptcy petition under Chapter 7 of Title 11 of the United States Code. 8:20-bk-04210-CPM. Doc. 1.

      2.      Frontier Communications of America, Inc., d/b/a Frontier Communications ("Frontier") was listed in the Bankruptcy Court's affixed creditor matrix, and received notice of Plaintiff's bankruptcy filing, attorney representation, and bankruptcy discharge. Indeed, Frontier was required to cease collection efforts as the debt (the "Alleged Debt") Frontier was attempting to collect was included in Plaintiff's bankruptcy petition and subsequently discharged.

3.      Frontier transferred and/or placed the Alleged Debt with Defendant after the Alleged Debt was discharged in bankruptcy for collection purposes.  Moreover, Defendant was acting as a representative and agent of Frontier attempting to collect on a debt that was discharged in Plaintiff's bankruptcy.

4.      Despite having notice of the bankruptcy discharge, Defendant, on behalf of Frontier, continued communicating with Plaintiff in an attempt to collect on the Alleged Debt.  Therefore, Defendant knowingly violated 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA") and the Bankruptcy Court's authority pursuant to 11 U.S.C. § 105(a).

5.      Plaintiff seeks damages, costs and attorney's fees from Defendant for the above violations.

## JURISDICTION AND VENUE

6.      Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, as Plaintiff brings claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Supplemental jurisdiction exists over the state law claims pursuant to 28 U.S.C. § 1367.

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims and injuries occurred in the Middle District of Florida.

[Space intentionally left blank]

## PARTIES

8.      Plaintiff, Jody Dwayne Flowers, is a natural person residing in Sarasota County, Florida, where the causes of action arose, and is a "consumer," as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(8).

9.      Defendant, Eastern Account System of Connecticut, Inc., is a foreign profit corporation, is headquartered in the State of Connecticut, does business in the State of Florida, and is a "debt collector," as defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(7).

10.      Defendant, in the conduct of its business, uses one or more instrumentalities of interstate commerce or the mails, including without limitation to, electronic communication with Plaintiff.

11.      The conduct of Defendant was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendant, and/or they knew in advance that the Defendant was likely to conduct itself, and allowed them to so act, with conscious disregard of the rights and safety of others.  The agent(s) or employee(s) of Defendant acted within the course and scope of such agency or employment and acted with the consent, permission and authorization of Defendant.

12.      The Defendant's communications, set forth below, were made to exhaust the Plaintiff's will in an attempt to have the Plaintiff pay a debt that Plaintiff did not owe.

## **FACTUAL ALLEGATIONS**

13    Plaintiff was alleged to owe Frontier the Alleged Debt.

14.    The Alleged Debt stems from transactions primarily for personal, family, or household purposes, and is therefore a "debt," as that term is defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(6).

15.    Plaintiff filed a voluntary bankruptcy petition under Chapter 7 of Title 11 of the United States Code on May 29, 2020. 8:20-bk-04210-CPM. Doc. 1.

16.    On June 1, 2020, the Bankruptcy Court filed its *Notice of Chapter 7 Bankruptcy – No Proof of Deadline* ("Notice - Chapter 7 Bankruptcy") that stated in pertinent part that the filing of this bankruptcy case imposed an automatic stay against collection activities and that ***creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from Plaintiff*** (emphasis added).  A copy of the Notice – Chapter 7 Bankruptcy is attached hereto as **Exhibit A**.

17.    On June 3, 2020, Frontier was put on notice of the automatic bankruptcy stay and that the Alleged Debt had been included in Plaintiff's bankruptcy petition as evidenced by the *Certificate of Notice* ("Certificate of Notice – Chapter 7 Bankruptcy") of the Notice – Chapter 7 Bankruptcy (**Exhibit A**).  A copy of the of the Certificate of Notice – Chapter 7 Bankruptcy is attached hereto as **Exhibit B**.

18.    Frontier also had notice that Plaintiff was represented by legal counsel through the Notice – Chapter 7 Bankruptcy (**Exhibit A**).

19.     On August 26, 2020, the Bankruptcy Court filed its *Order of Discharge* ("Order of Discharge") that stated in pertinent part that ***creditors cannot collect discharged debts*** (emphasis added).  A copy of the Order of Discharge is attached hereto as **Exhibit C**.

20.     On August 28, 2020, Frontier was put on notice that the Alleged Debt had been discharged in Plaintiff's Bankruptcy as evidenced by the *Certificate of Notice* ("Certificate of Notice – Bankruptcy Discharge") of the Order of Discharge (**Exhibit C**).  A copy of the Certificate of Notice – Order of Discharge is attached hereto as **Exhibit D**.

21.     On or about October 17, 2020, Frontier sent Plaintiff a collection communication that stated in pertinent part "[y]our failure to respond to this debt will initiate additional collection proceedings, which may include referral to an outside collection agency."  A copy of Frontier's collection communication is attached hereto as **Exhibit E**.

22.     On or about October 28, 2020, Plaintiff's bankruptcy counsel responded to Frontier's collection communication (**Exhibit E**) and notified Frontier that the debt Frontier was attempting to collect was included in Plaintiff's bankruptcy petition and to cease all contact with Plaintiff as the debt was discharged.  A copy of Plaintiff's bankruptcy counsel's letter is attached hereto as **Exhibit F**.

23.     Again, Frontier was notified that Plaintiff was represented by legal counsel through the correspondence (**Exhibit F**) sent to Frontier by Plaintiff's bankruptcy counsel.

24.     Frontier transferred and/or placed the discharged debt with Defendant for collection purposes after receiving the Notice – Chapter 7 Bankruptcy (**Exhibit A**), Order of Discharge (**Exhibit C**), and the correspondence from Plaintiff's bankruptcy counsel (**Exhibit F**).

25.     At all times material hereto, Defendant was acting as a representative and agent of Frontier attempting to collect on a debt that was discharged in Plaintiff's bankruptcy.

26.     Defendant had actual knowledge and was aware that the Alleged Debt was not legitimate and had been discharged in Plaintiff's bankruptcy because, Defendant, as a collection agency, received notice of the bankruptcy and discharge as part of the "on-boarding" process.

27.     Defendant has access to all records concerning the Alleged Debt, including but not limited to records of the bankruptcy among other documents.

28.     On or about November 4, 2020, Defendant sent Plaintiff a collection communication that stated in pertinent part that "[t]his is an attempt to collect a debt." A copy of Defendant's collection communication dated November 4, 2020 is attached hereto as **Exhibit G**.

29.     Defendant had actual knowledge and was aware that it could not assert a legal right to collect the balance of the Alleged Debt based on the Bankruptcy Court's Notice – Chapter 7 Bankruptcy (**Exhibit A**), Order of Discharge (**Exhibit C**), Certificate of Notice – Order of Discharge (**Exhibit D**), and the correspondence from Plaintiff's bankruptcy counsel (**Exhibit F**).

30.     Defendant claimed, attempted, and threatened to enforce the Alleged Debt that Defendant knew was not legitimate and was discharged in Plaintiff's bankruptcy.

31.     Nevertheless, Defendant continued attempting to collect the Alleged Debt from Plaintiff after having actual knowledge of the bankruptcy discharge and that Plaintiff was represented by legal counsel.

32.     Defendant's conduct served only to harass and exhaust the Plaintiff's will into making a payment on the Alleged Debt.

33.     Sending collection communication(s) to Plaintiff after he received his bankruptcy discharge is a routine and systematic practice of Defendant.

34.     Defendant violated the FDCPA, FCCPA, and the Bankruptcy Court's authority pursuant to 11 U.S.C. § 105(a) by sending collection communications to Plaintiff with actual knowledge of the bankruptcy discharge and that Plaintiff was represented by legal counsel.

## COUNT I

## VIOLATION OF THE FDCPA BY DEFENDANT

35.     This is an action against Defendant for violation of 15 U.S.C. §1692 *et seq.*

36.     Plaintiff re-alleges and reincorporates paragraphs 1 through 34, as if fully set forth herein.

37.     The Alleged Debt is a "debt," as that term is defined by 15 U.S.C. § 1692a(5).

38.     Defendant uses interstate commerce or the mails in its business, the principal purpose of which is the collection of debts, or Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due to another, and is therefore a "debt collector," as that term is defined by 15 U.S.C. § 1692a(6).  Moreover, Defendant holds itself out on its website as an entity that "has over 30 years of proven success in handling our clients' customer service delinquency and collection needs."

39.     Defendant, communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication," as defined by 15 U.S.C. § 1692a(2).

40.    Through the conduct described above, Defendant violated the following provisions of the FDCPA:

**15 U.S.C. § 1692c(a)(2)**

Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt –

if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

**15 U.S.C. § 1692d**

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

**15 U.S.C. § 1692e**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

**15 U.S.C. § 1692f**

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

41    All conditions precedent to this action have occurred, have been satisfied, or have been waived.

42.    As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to: (a) actual damages pursuant to 15 U.S.C. § 1692k(a)(1); (b) statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A); (c) reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3); and (d) all other relief Plaintiff is entitled to under the law.

43.    All conditions precedent to this action have occurred, have been satisfied, or have been waived.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment in Plaintiff's favor finding that Defendant has violated the FDCPA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

## COUNT II

### VIOLATION OF § 559.72(7) OF THE FCCPA BY DEFENDANT

44.     This is an action against Defendant for violation of Fla. Stat. § 559.72(7).

45.     Plaintiff realleges and incorporates paragraphs 1 through 34, as if fully set forth herein.

46.     Defendant communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(2).

47.     Fla. Stat. § 559.72(7) provides, in pertinent part:

In collecting consumer debts, no person shall:

(7)     …willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

48.     Through its conduct, described above, Defendant directly and through its agents violated the above section of the FCCPA.

49.     All conditions precedent to this action have occurred, have been satisfied, or have been waived.

50.     Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

51.     Based upon the willful, intentional, knowing, malicious, repetitive, and continuous conduct of Defendant, as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against Defendant, finding that Defendant violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT III

### VIOLATION OF § 559.72(9) OF THE FCCPA BY DEFENDANT

52.     This is an action against Defendant for violation of Fla. Stat. § 559.72(9).

53.     Plaintiff realleges and incorporates paragraphs 1 through 34, as if fully set forth herein.

54.     Defendant communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(2).

55.     Fla. Stat. § 559.72(9) provides, in pertinent part:

In collecting consumer debts, no person shall:

(9)     Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

56.     Through its conduct, described above, Defendant directly and through its agents violated the above section of the FCCPA.

57.     All conditions precedent to this action have occurred, have been satisfied, or have been waived.

58.     Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

59.     Based upon the willful, intentional, knowing, malicious, repetitive, and continuous conduct of Defendant, as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against Defendant, finding that Defendant violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT IV

### VIOLATION OF § 559.72(18) OF THE FCCPA BY DEFENDANT

60.     This is an action against Defendant for violation of Fla. Stat. § 559.72(18).

61.     Plaintiff realleges and incorporates paragraphs 1 through 34, as if fully set forth herein.

62      Defendant communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(2).

63.     Fla. Stat. § 559.72(18) provides, in pertinent part:

In collecting consumer debts, no person shall:

(18)    Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

64.     Through its conduct, described above, Defendant directly and through its agents violated the above section of the FCCPA.

65.     All conditions precedent to this action have occurred, have been satisfied, or have been waived.

66.     Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

67.     Based upon the willful, intentional, knowing, malicious, repetitive, and continuous conduct of Defendant, as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against Defendant, finding that Defendant violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. Amend. 7 and Fed. R. Civ. P. 38.

Dated: May 19, 2021

Respectfully Submitted,

**SHRADER LAW, PLLC**
612 W. Bay Street
Tampa, Florida 33606
Phone:  (813) 360-1529
Fax:      (813) 336-0832


/s/ Brian L. Shrader
**BRIAN L. SHRADER, ESQ.**
Florida Bar No. 57251
e-mail: bshrader@shraderlawfirm.com
**ALEJANDRO J. MENDEZ, ESQ.**
Florida Bar No. 1025247
e-mail: amendez@shraderlawfirm.com
*Attorneys for Plaintiff*

# EXHIBIT A

| Information to identify the case: | | | |
|---|---|---|---|
| Debtor 1 | **Jody Dwayne Flowers** | Social Security number or ITIN | xxx–xx–9856 |
| | First Name   Middle Name   Last Name | EIN  __–_____ | |
| Debtor 2 (Spouse, if filing) | | Social Security number or ITIN   _ _ _ _ | |
| | First Name   Middle Name   Last Name | EIN  __–_____ | |
| United States Bankruptcy Court | **Middle District of Florida** | Date case filed for chapter 7   5/29/20 | |
| Case number: | **8:20–bk–04210–CPM** | | |

## Official Form 309A (For Individuals or Joint Debtors)
## Notice of Chapter 7 Bankruptcy Case —— No Proof of Claim Deadline     12/15

**For the debtors listed above, a case has been filed under chapter 7 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors or the debtors' property. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

The debtors are seeking a discharge. Creditors who assert that the debtors are not entitled to a discharge of any debts or who want to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadlines specified in this notice. (See line 9 for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at   www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

| | | About Debtor 1: | About Debtor 2: |
|---|---|---|---|
| 1. | **Debtor's full name** | Jody Dwayne Flowers | |
| 2. | **All other names used in the last 8 years** | | |
| 3. | **Address** | 520 Edwards St Englewood, FL 34223 | |
| 4. | **Debtor's attorney** Name and address | Laurie L Blanton Holland Law Group, P.A. 1100–C Tamiami Trail Venice, FL 34285 | Contact phone 941–493–6577 Email:  laurie@hollandlaw.com |
| 5. | **Bankruptcy Trustee** Name and address | Nicole M Cameron Nicole M. Cameron, P.A. 235 Apollo Beach Boulevard, #231 Apollo Beach, FL 33572 | Contact phone 813–645–8787 |

Notice is further given that effective on the date of the Petition, the United States Trustee appointed the above named individual as interim trustee pursuant to 11 USC § 701.

**For more information, see page 2 >**

Debtor **Jody Dwayne Flowers**                                   Case number **8:20-bk-04210-CPM**

| | | |
|---|---|---|
| **6. Bankruptcy Clerk's Office**<br><br>Documents in this case may be filed at this address. You may inspect all records filed in this case at this address or online at www.pacer.gov. | Sam M. Gibbons United States Courthouse<br>801 North Florida Avenue, Suite 555<br>Tampa, FL 33602 | Hours open:<br>Monday – Friday 8:30 AM – 4:00PM<br><br>Contact phone 813–301–5162<br><br>Date: June 1, 2020 |

| | | |
|---|---|---|
| **7. Meeting of creditors**<br><br>Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. You are reminded that Local Rule 5073–1 restricts the entry of personal electronic devices into the Courthouse. | June 26, 2020 at 08:40 AM<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | **Meeting will be held telephonically**<br><br>Trustee: Nicole M Cameron<br>Call in number: 877–336–3492<br>Passcode: 9316761 |

**\*\*\* Debtor must provide a Photo ID and acceptable proof of Social Security Number to the Trustee in the manner directed by the Trustee. \*\*\***

| | |
|---|---|
| **8. Presumption of abuse**<br><br>If the presumption of abuse arises, you may have the right to file a motion to dismiss the case under 11 U.S.C. § 707(b). Debtors may rebut the presumption by showing special circumstances. | The presumption of abuse does not arise. |

| | | |
|---|---|---|
| **9. Deadlines**<br><br>The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **File by the deadline to object to discharge or to challenge whether certain debts are dischargeable:**<br><br>**You must file a complaint:**<br>• if you assert that the debtor is not entitled to receive a discharge of any debts under any of the subdivisions of 11 U.S.C. § 727(a)(2) through (7), or<br><br>• if you want to have a debt excepted from discharge under 11 U.S.C § 523(a)(2), (4), or (6).<br><br>**You must file a motion:**<br>• if you assert that the discharge should be denied under § 727(a)(8) or (9). | **Filing deadline: August 25, 2020** |
| | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:** 30 days after the *conclusion* of the meeting of creditors |

| | |
|---|---|
| **10. Proof of claim**<br><br>Please do not file a proof of claim unless you receive a notice to do so. | No property appears to be available to pay creditors. Therefore, please do not file a proof of claim now. If it later appears that assets are available to pay creditors, the clerk will send you another notice telling you that you may file a proof of claim and stating the deadline. |

| | |
|---|---|
| **11. Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |

| | |
|---|---|
| **12. Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at www.pacer.gov. If you believe that the law does not authorize an exemption that the debtors claim, you may file an objection. The bankruptcy clerk's office must receive the objection by the deadline to object to exemptions in line 9. |

| | |
|---|---|
| **13. Voice Case Info. System (McVCIS)** | McVCIS provides basic case information concerning deadlines such as case opening, discharge, and closing dates, and whether a case has assets or not. McVCIS is accessible 24 hours a day except during routine maintenance. To access McVCIS toll free call 1–866–222–8029. |

# EXHIBIT B

United States Bankruptcy Court
Middle District of Florida

In re:                                                          Case No. 20-04210-CPM
Jody Dwayne Flowers                                             Chapter 7
          Debtor

## CERTIFICATE OF NOTICE

District/off: 113A-8          User: kbrickner          Page 1 of 2          Date Rcvd: Jun 01, 2020
                             Form ID: 309A             Total Noticed: 22

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 03, 2020.
db            +Jody Dwayne Flowers,    520 Edwards St,    Englewood, FL 34223-2514
28982721       Donna Lee Flowers,    520 Edwards Street,    Sarasota, FL 34243
28980157       IRS,    P.O. Box 621505,    P.O. Box 30804,    Atlanta, GA 30362-1505
28980158      +Mariner Finance, LLC,    Attn: Bankruptcy,    8211 Town Center Drive,    Nottingham, MD 21236-5904
28982720      +Mark H. Holstein, Sr.,    7184 21st Street E,    Sarasota, FL 34243-3916
28980161       Republic Bank & Trust Co,    P.O. Box 950276,    Louisville, KY 40295-0276
28980164      +USDOE/GLELSI,    Attn: Bankruptcy,    Po Box 7860,    Madison, WI 53707-7860

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
aty            E-mail/Text: laurie@hollandlaw.com Jun 02 2020 00:15:29     Laurie L Blanton,
               Holland Law Group, P.A.,    1100-C Tamiami Trail,    Venice, FL  34285
tr            +EDI: QNMCAMERON.COM Jun 02 2020 03:53:00     Nicole M Cameron,    Nicole M. Cameron, P.A.,
               235 Apollo Beach Boulevard, #231,    Apollo Beach, FL 33572-2251
ust           +E-mail/Text: ustpregion21.tp.ecf@usdoj.gov Jun 02 2020 00:16:44
               United States Trustee - TPA7/13,    Timberlake Annex, Suite 1200,    501 E Polk Street,
               Tampa, FL 33602-3949
28980149      +E-mail/Text: backoffice@affirm.com Jun 02 2020 00:16:58     Affirm, Inc.,    Attn: Bankruptcy,
               Po Box 720,    San Francisco, CA 94104-0720
28980150      +EDI: CAPITALONE.COM Jun 02 2020 03:53:00     Capital One,    Attn: Bankruptcy,    Po Box 30285,
               Salt Lake City, UT 84130-0285
28980151      +EDI: CAPONEAUTO.COM Jun 02 2020 03:53:00     Capital One Auto Finance,    Attn: Bankruptcy,
               Po Box 30285,    Salt Lake City, UT 84130-0285
28980152      +E-mail/PDF: creditonebknotifications@resurgent.com Jun 02 2020 00:23:18     Credit One Bank,
               Attn: Bankruptcy Department,    Po Box 98873,    Las Vegas, NV 89193-8873
28980153      +EDI: BLUESTEM Jun 02 2020 03:53:00     Fingerhut,    Attn: Bankruptcy,    Po Box 1250,
               Saint Cloud, MN 56395-1250
28980154      +EDI: AMINFOFP.COM Jun 02 2020 03:53:00     First PREMIER Bank,    Attn: Bankruptcy,
               Po Box 5524,    Sioux Falls, SD 57117-5524
28980155      +E-mail/Text: bankruptcynotification@ftr.com Jun 02 2020 00:16:55     Frontier Communications,
               PO box 740407,    Cincinnati, OH 45274-0407
28980156      +EDI: PHINGENESIS Jun 02 2020 03:53:00     Genesis Bc/Celtic Bank,    Attn: Bankruptcy,
               Po Box 4477,    Beaverton, OR 97076-4401
28980159      +E-mail/PDF: MerrickBKNotifications@Resurgent.com Jun 02 2020 00:23:16
               Merrick Bank/CardWorks,    Attn: Bankruptcy,    Po Box 9201,    Old Bethpage, NY 11804-9001
28980160      +EDI: AGFINANCE.COM Jun 02 2020 03:53:00     OneMain Financial,    Attn: Bankruptcy,
               Po Box 3251,    Evansville, IN 47731-3251
28980162      +EDI: RMSC.COM Jun 02 2020 03:53:00     Syncb/walmart,    Bankruptcy Dept., P.O. Box 9,
               Orlando, FL 32896-0001
28980163      +EDI: RMSC.COM Jun 02 2020 03:53:00     Synchrony Bank/Care Credit,    Attn: Bankruptcy Dept,
               Po Box 965064,    Orlando, FL 32896-5064
                                                                              TOTAL: 15

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309):** Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.

Date: Jun 03, 2020                        Signature:  /s/Joseph Speetjens

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on Jun 1, 2020 at the address(es) listed below:
              Laurie L Blanton    on behalf of Debtor Jody Dwayne Flowers laurie@hollandlaw.com,
              lblaw10@gmail.com;lblaw2011@gmail.com;r50094@notify.bestcase.com;blantonlr67924@notify.bestcase.c
              om;ashley@hollandlaw.com;harveyer67924@notify.bestcase.com;blantonlr67924@notify.bestcase.com
              Nicole M Cameron    trustee@tampabay.rr.com,   ncameron@ecf.axosfs.com
              United States Trustee - TPA7/13    USTPRegion21.TP.ECF@USDOJ.GOV

District/off: 113A-8          User: kbrickner          Page 2 of 2          Date Rcvd: Jun 01, 2020
                             Form ID: 309A             Total Noticed: 22

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)

                                                                                        TOTAL: 3

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Jody Dwayne Flowers**<br><br>First Name    Middle Name    Last Name | Social Security number or ITIN   xxx–xx–9856<br><br>EIN   _ _ – _ _ _ _ _ _ _ |
| Debtor 2<br>(Spouse, if filing) | First Name    Middle Name    Last Name | Social Security number or ITIN   _ _ _ _<br><br>EIN   _ _ – _ _ _ _ _ _ _ |
| United States Bankruptcy Court   **Middle District of Florida** | | Date case filed for chapter  7   5/29/20 |
| Case number:   **8:20–bk–04210–CPM** | | |

## Official Form 309A (For Individuals or Joint Debtors)
## Notice of Chapter 7 Bankruptcy Case –– No Proof of Claim Deadline     12/15

**For the debtors listed above, a case has been filed under chapter 7 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors or the debtors' property. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

The debtors are seeking a discharge. Creditors who assert that the debtors are not entitled to a discharge of any debts or who want to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadlines specified in this notice. (See line 9 for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at   www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

| | | About Debtor 1: | | About Debtor 2: |
|---|---|---|---|---|
| 1. | **Debtor's full name** | Jody Dwayne Flowers | | |
| 2. | **All other names used in the last 8 years** | | | |
| 3. | **Address** | 520 Edwards St<br>Englewood, FL 34223 | | |
| 4. | **Debtor's attorney**<br>Name and address | Laurie L Blanton<br>Holland Law Group, P.A.<br>1100–C Tamiami Trail<br>Venice, FL 34285 | Contact phone 941–493–6577<br><br>Email: laurie@hollandlaw.com |
| 5. | **Bankruptcy Trustee**<br>Name and address | Nicole M Cameron<br>Nicole M. Cameron, P.A.<br>235 Apollo Beach Boulevard, #231<br>Apollo Beach, FL 33572 | Contact phone 813–645–8787 |

Notice is further given that effective on the date of the Petition, the United States Trustee appointed the above named individual as interim trustee pursuant to 11 USC § 701.

**For more information, see page 2 >**

Debtor **Jody Dwayne Flowers**                                                          Case number **8:20-bk-04210-CPM**

| 6. | **Bankruptcy Clerk's Office** | Sam M. Gibbons United States Courthouse 801 North Florida Avenue, Suite 555 Tampa, FL 33602 | Hours open: Monday – Friday 8:30 AM – 4:00PM |
|----|---|---|---|
| | Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at www.pacer.gov. | | Contact phone 813–301–5162 Date: June 1, 2020 |

| 7. | **Meeting of creditors** | **June 26, 2020 at 08:40 AM** | **Meeting will be held telephonically** |
|----|---|---|---|
| | Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. You are reminded that Local Rule 5073–1 restricts the entry of personal electronic devices into the Courthouse. | The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | Trustee: Nicole M Cameron Call in number: 877–336–3492 Passcode: 9316761 |

\*\*\* Debtor must provide a Photo ID and acceptable proof of Social Security Number to the Trustee in the manner directed by the Trustee. \*\*\*

| 8. | **Presumption of abuse** | The presumption of abuse does not arise. |
|----|---|---|
| | If the presumption of abuse arises, you may have the right to file a motion to dismiss the case under 11 U.S.C. § 707(b). Debtors may rebut the presumption by showing special circumstances. | |

| 9. | **Deadlines** | **File by the deadline to object to discharge or to challenge whether certain debts are dischargeable:** | **Filing deadline: August 25, 2020** |
|----|---|---|---|
| | The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **You must file a complaint:** <br>• if you assert that the debtor is not entitled to receive a discharge of any debts under any of the subdivisions of 11 U.S.C. § 727(a)(2) through (7), or <br>• if you want to have a debt excepted from discharge under 11 U.S.C § 523(a)(2), (4), or (6). <br><br>**You must file a motion:** <br>• if you assert that the discharge should be denied under § 727(a)(8) or (9). | |
| | | **Deadline to object to exemptions:** The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:** 30 days after the *conclusion* of the meeting of creditors |

| 10. | **Proof of claim** | No property appears to be available to pay creditors. Therefore, please do not file a proof of claim now. If it later appears that assets are available to pay creditors, the clerk will send you another notice telling you that you may file a proof of claim and stating the deadline. |
|-----|---|---|
| | Please do not file a proof of claim unless you receive a notice to do so. | |

| 11. | **Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |
|-----|---|---|

| 12. | **Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at www.pacer.gov. If you believe that the law does not authorize an exemption that the debtors claim, you may file an objection. The bankruptcy clerk's office must receive the objection by the deadline to object to exemptions in line 9. |
|-----|---|---|

| 13. | **Voice Case Info. System (McVCIS)** | McVCIS provides basic case information concerning deadlines such as case opening, discharge, and closing dates, and whether a case has assets or not. McVCIS is accessible 24 hours a day except during routine maintenance. To access McVCIS toll free call 1–866–222–8029. |
|-----|---|---|

# EXHIBIT C

| Information to identify the case: | | | |
|---|---|---|---|
| Debtor 1 | **Jody Dwayne Flowers** | Social Security number or ITIN | **xxx–xx–9856** |
| | First Name   Middle Name   Last Name | EIN | __–_____ |
| Debtor 2 (Spouse, if filing) | | Social Security number or ITIN | ____ |
| | First Name   Middle Name   Last Name | EIN | __–_____ |
| United States Bankruptcy Court   **Middle District of Florida** | | | |
| Case number:   **8:20–bk–04210–CPM** | | | |

# Order of Discharge

12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Jody Dwayne Flowers

_Catherine M Ewen_

Dated: August 26, 2020

Catherine Peek McEwen
United States Bankruptcy Judge

---

### Explanation of Bankruptcy Discharge in a Chapter 7 Case

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

### Creditors cannot collect discharged debts

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

### Most debts are discharged

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

---

**Some debts are not discharged**
Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for most taxes;

♦ debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

♦ debts for most fines, penalties, forfeitures, or criminal restitution obligations;

♦ some debts which the debtors did not properly list;

♦ debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

♦ debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

> **This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

# EXHIBIT D

United States Bankruptcy Court
Middle District of Florida

In re:                                                    Case No. 20-04210-CPM
Jody Dwayne Flowers                                       Chapter 7
        Debtor

## CERTIFICATE OF NOTICE

District/off: 113A-8        User: mallows        Page 1 of 1        Date Rcvd: Aug 26, 2020
                           Form ID: B318        Total Noticed: 22

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 28, 2020.
db        +Jody Dwayne Flowers,     520 Edwards St,    Englewood, FL 34223-2514
28982721   Donna Lea Flowers,    520 Edwards Street,    Sarasota, FL 34243
28980157   IRS,    P.O. Box 621505,    P.O. Box 30804,    Atlanta, GA 30362-1505
28980158  +Mariner Finance, LLC,    Attn: Bankruptcy,    8211 Town Center Drive,    Nottingham, MD 21236-5904
28982720  +Mark H. Holstein, Sr.,    7184 21st Street E,    Sarasota, FL 34243-3916
28980161   Republic Bank & Trust Co,    P.O. Box 950276,    Louisville, KY 40295-0276
28980164  +USDOE/GLELSI,    Attn: Bankruptcy,    Po Box 7860,    Madison, WI 53707-7860

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
tr        +EDI: QNMCAMERON.COM Aug 27 2020 04:58:00      Nicole M Cameron,    Nicole M. Cameron, P.A.,
           235 Apollo Beach Boulevard, #231,    Apollo Beach, FL 33572-2251
cr        +EDI: AISACG.COM Aug 27 2020 04:58:00      Capital One Auto Finance, a division of Capital On,
           AIS Portfolio Services, LP,    4515 N Santa Fe Ave,    Oklahoma City, OK 73118-7901
cr        +EDI: AISACG.COM Aug 27 2020 04:58:00      Capital One Auto Finance, c/o AIS Portfolio Servic,
           4515 N Santa Fe Ave. Dept. APS,    Oklahoma City, OK 73118-7901
28980149  +E-mail/Text: backoffice@affirm.com Aug 27 2020 01:15:59      Affirm, Inc.,    Attn: Bankruptcy,
           Po Box 720,    San Francisco, CA 94104-0720
28980150  +EDI: CAPITALONE.COM Aug 27 2020 04:58:00      Capital One,    Attn: Bankruptcy,    Po Box 30285,
           Salt Lake City, UT 84130-0285
28980151  +EDI: CAPONEAUTO.COM Aug 27 2020 04:58:00      Capital One Auto Finance,    Attn: Bankruptcy,
           Po Box 30285,    Salt Lake City, UT 84130-0285
28980152  +E-mail/PDF: creditonebknotifications@resurgent.com Aug 27 2020 01:17:00      Credit One Bank,
           Attn: Bankruptcy Department,    Po Box 98873,    Las Vegas, NV 89193-8873
28980153  +EDI: BLUESTEM Aug 27 2020 04:58:00      Fingerhut,    Attn: Bankruptcy,    Po Box 1250,
           Saint Cloud, MN 56395-1250
28980154  +EDI: AMINFOFP.COM Aug 27 2020 04:58:00      First PREMIER Bank,    Attn: Bankruptcy,
           Po Box 5524,    Sioux Falls, SD 57117-5524
28980155  +E-mail/Text: bankruptcynotification@ftr.com Aug 27 2020 01:15:57      Frontier Communications,
           PO box 740407,    Cincinnati, OH 45274-0407
28980156  +EDI: PHINGENESIS Aug 27 2020 04:58:00      Genesis Bc/Celtic Bank,    Attn: Bankruptcy,
           Po Box 4477,    Beaverton, OR 97076-4401
28980159  +E-mail/PDF: MerrickBKNotifications@Resurgent.com Aug 27 2020 01:16:30
           Merrick Bank/CardWorks,    Attn: Bankruptcy,    Po Box 9201,    Old Bethpage, NY 11804-9001
28980160  +EDI: AGFINANCE.COM Aug 27 2020 04:58:00      OneMain Financial,    Attn: Bankruptcy,
           Po Box 3251,    Evansville, IN 47731-3251
28980162  +EDI: RMSC.COM Aug 27 2020 04:58:00      Syncb/walmart,    Bankruptcy Dept., P.O. Box 9,
           Orlando, FL 32896-0001
28980163  +EDI: RMSC.COM Aug 27 2020 04:58:00      Synchrony Bank/Care Credit,    Attn: Bankruptcy Dept,
           Po Box 965064,    Orlando, FL 32896-5064
                                                                                              TOTAL: 15


          ***** BYPASSED RECIPIENTS *****                                                     TOTAL: 0
NONE.

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 28, 2020                    Signature:  /s/Joseph Speetjens


---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 26, 2020 at the address(es) listed below:
          Laurie L Blanton    on behalf of Debtor Jody Dwayne Flowers laurie@hollandlaw.com,
          lblaw10@gmail.com,lblaw2011@gmail.com;r50094@notify.bestcase.com;blantonlr67924@notify.bestcase.c
          om;ashley@hollandlaw.com;harveyer67924@notify.bestcase.com;blantonlr67924@notify.bestcase.com
          Nicole M Cameron    trustee@tampabay.rr.com,    ncameron@ecf.axosfs.com
          United States Trustee - TPA7/13    USTPRegion21.TP.ECF@USDOJ.GOV
                                                                                              TOTAL: 3

**Information to identify the case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Jody Dwayne Flowers** | | Social Security number or ITIN **xxx–xx–9856** |
| | First Name    Middle Name    Last Name | | EIN __–_____ |
| Debtor 2 (Spouse, if filing) | | | Social Security number or ITIN ____ |
| | First Name    Middle Name    Last Name | | EIN __–_____ |

United States Bankruptcy Court   **Middle District of Florida**

Case number:  **8:20–bk–04210–CPM**

# Order of Discharge

12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Jody Dwayne Flowers

*Catherine M. McEwen*

Dated: August 26, 2020

Catherine Peek McEwen
United States Bankruptcy Judge

---

### Explanation of Bankruptcy Discharge in a Chapter 7 Case

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

---

**Some debts are not discharged**

Examples of debts that are not discharged are:

- ◆ debts that are domestic support obligations;

- ◆ debts for most student loans;

- ◆ debts for most taxes;

- ◆ debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- ◆ debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- ◆ some debts which the debtors did not properly list;

- ◆ debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- ◆ debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

> **This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

# EXHIBIT E

**Frontier**
COMMUNICATIONS

October 17, 2020

DEAR JODY FLOWERS,

Please be advised that your account is past due in the amount of $191.85.
Your failure to respond to this debt will initiate additional collection proceedings, which may include
referral to an outside collection agency. We may report information about your account to credit bureaus.
Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

If payment has been sent, please disregard this letter. If payment has not been sent, we urge you to make
payment in full immediately. To ensure proper credit, please include your account number on all
correspondence.

If you need to contact our office, please do so at **800-921-8105**, between the hours of 8am through 5pm
local time.

**Thank You!**

Sincerely,

Frontier
National Collections Center

| | |
|---|---|
| Account Number | 219.5 |
| Past Due Date | 10/17/2 |
| Final Due Date | 10/28/2 |
| Amount Due | $191. |

*Please detach the payment slip below and include with your payment in the return
envelope provided. Please write your account number on your check.*

**Frontier**
COMMUNICATIONS

P.O. Box 740
South Windsor   CT 06074-4998

| | |
|---|---|
| Account Number | |
| Past Due Date | 10 |
| Final Due Date | 10 |
| Amount Due | $ |
| Amount Paid | |

FRONTIER
PO BOX 740407
CINCINNATI OH 45274-0407

# EXHIBIT F

# HLG HOLLAND LAW GROUP
## YOUR PARTNER IN LAW

October 28, 2020

Frontier Communications
P.O. Box 740407
Cincinnati, OH 45274

RE: Jody Flowers
Account No. ██████████219-5
Bankruptcy Case No. 8:20-bk-04210-CPM

To whom it may concern,

Our office represented Jody Flowers in a Chapter 7 bankruptcy case filed on May 29, 2020 and discharged on August 26, 2020.

This letter is to notify you that Frontier Communications was listed on Schedule F (enclosed) of Mr. Flowers' Bankruptcy Petition and was included in the Discharge of Debtor (enclosed).

Your office has sent a collection notice by mail directly to Mr. Flowers. Please do not contact Mr. Flowers regarding this debt, which has been discharged in his Chapter 7 bankruptcy and is protected under 11 U.S. Code § 362.

If you have any questions or concerns regarding this matter, please contact our office directly.

Sincerely,

Crystalyn Grant
Paralegal to
Laurie Blanton, Esq.

CC. Client

Debtor 1 Jody Dwayne Flowers

Case number (if known)

| 4.10 | **Frontier Communications** | Last 4 digits of account number | 2195 | $500.00 |
|---|---|---|---|---|

Nonpriority Creditor's Name

PO box 740407
Cincinnati, OH 45274

Number Street City State Zip Code

When was the debt incurred? _____

Who incurred the debt? Check one.

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ Check if this claim is for a community debt

Is the claim subject to offset?

- ■ No
- ☐ Yes

As of the date you file, the claim is: Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Type of NONPRIORITY unsecured claim:

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify  services

---

| 4.11 | **Genesis Bc/Celtic Bank** | Last 4 digits of account number | 6383 | $305.00 |
|---|---|---|---|---|

Nonpriority Creditor's Name

Attn: Bankruptcy
Po Box 4477
Beaverton, OR 97076

Number Street City State Zip Code

When was the debt incurred?  Opened 01/19 Last Active 2/24/20

Who incurred the debt? Check one.

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ Check if this claim is for a community debt

Is the claim subject to offset?

- ■ No
- ☐ Yes

As of the date you file, the claim is: Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Type of NONPRIORITY unsecured claim:

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify  Credit Card

---

| 4.12 | **Mariner Finance, LLC** | Last 4 digits of account number | 5712 | $3,053.00 |
|---|---|---|---|---|

Nonpriority Creditor's Name

Attn: Bankruptcy
8211 Town Center Drive
Nottingham, MD 21236

Number Street City State Zip Code

When was the debt incurred?  Opened 11/19 Last Active 2/14/20

Who incurred the debt? Check one.

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ Check if this claim is for a community debt

Is the claim subject to offset?

- ■ No
- ☐ Yes

As of the date you file, the claim is: Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Type of NONPRIORITY unsecured claim:

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify  Loan

---

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Jody Dwayne Flowers** <br> First Name    Middle Name    Last Name | Social Security number or ITIN   xxx–xx–9856 <br> EIN   _ _–_ _ _ _ _ _ _ |
| Debtor 2 <br> (Spouse, if filing) | First Name    Middle Name    Last Name | Social Security number or ITIN   _ _ _ _ <br> EIN   _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court   **Middle District of Florida** | | |
| Case number:   **8:20–bk–04210–CPM** | | |

## Order of Discharge

12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

    Jody Dwayne Flowers

*Catherine McEwen*

<u>Dated: August 26, 2020</u>

<u>Catherine Peek McEwen</u>
<u>United States Bankruptcy Judge</u>

## Explanation of Bankruptcy Discharge in a Chapter 7 Case

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

### Creditors cannot collect discharged debts

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

### Most debts are discharged

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

Official Form 318          **Order of Discharge**          page 1

**Some debts are not discharged**
Examples of debts that are not discharged are:

♦ debts that are domestic support
  obligations;

♦ debts for most student loans;

♦ debts for most taxes;

♦ debts that the bankruptcy court has
  decided or will decide are not discharged
  in this bankruptcy case;

♦ debts for most fines, penalties,
  forfeitures, or criminal restitution
  obligations;

♦ some debts which the debtors did not
  properly list;

♦ debts for certain types of loans owed to
  pension, profit sharing, stock bonus, or
  retirement plans; and

♦ debts for death or personal injury caused
  by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation
agreement are not discharged.

In addition, this discharge does not stop
creditors from collecting from anyone else who is
also liable on the debt, such as an insurance
company or a person who cosigned or
guaranteed a loan.

---

**This information is only a general summary
of the bankruptcy discharge; some
exceptions exist. Because the law is
complicated, you should consult an
attorney to determine the exact effect of the
discharge in this case.**

---

Official Form 318              **Order of Discharge**                    page 2

# EXHIBIT G

CU065427
PO Box 1280
Oaks PA 19456-1280
ADDRESS SERVICE REQUESTED

# EASTERN ACCOUNT SYSTEM
# OF CONNECTICUT, INC.

3 Corporate Drive, Ste 2 • Danbury, CT 06810
24-Hour Automated Secure Payment & Account Information Line:
(844) 319-8594
Or visit:
www.easternaccounts.com
(Live Chat Available)

Notice Date: November 4, 2020

FIRSTCBL

PERSONAL & CONFIDENTIAL
JODY FLOWERS

## ACCOUNT IDENTIFICATION

EAS Account Number: ███856
Creditor #: ██████5212
Creditor: FRONTIER COMMUNICATIONS

```
              Service Balance Due: $ 191.85
Equipment Balance (if not returned): $ 0.00
            Total Balance Due: $ 191.85
```

## * * * FIRST NOTICE * * *

Your account has been placed with this office for collection. To avoid further collection activity, pay it in full. If you can not pay it in full or have a problem, contact our office.

### **IMPORTANT**

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, that you dispute the validity of this debt or any portion thereof, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication has been sent by a debt collector.

Office hours are 9am to 5pm EST, Monday-Friday.

69CU065427FIRSTCBL

-----------------------------------Detach and Return with Payment-----------------------------------

**Enter the requested information in the spaces provided below:**
**Enclosing this notice with your payment will expedite credit to your account.**

Change of Address: _____

For: JODY FLOWERS

Street Address: _____

City, State, Zip: _____

Telephone: _____

If your payment has been made, please disregard this notice.

Please charge to my (Circle one):  VISA  AMEX  MASTERCARD  [ ]

Amount Enclosed: $ _____

Card Number _____

Expiration Date _____/_____

Security Code (from back of card) _____

Name of Cardholder _____

Signature _____

Or visit www.easternpayments.com.

Creditor #: ██████6212
Creditor: FRONTIER COMMUNICATIONS
Notice Date: November 4, 2020
EAS Account Number: ███1856
Amount Enclosed: $ _____

Eastern Account System of Connecticut, Inc.
3 Corporate Dr
Ste 2
Danbury CT 06810-4166

```
              Service Balance Due: $ 191.85
Equipment Balance (if not returned): $ 0.00
            Total Balance Due: $ 191.85
```

FIRSTCBL
███7737