UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JODY DWAYNE FLOWERS,

    Plaintiff,

v.                                                             Case No: 8:21-cv-1210-KKM-JSS

EASTERN ACCOUNT SYSTEM OF
CONNECTICUT, INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiff's Motion for Default Judgment ("Motion"). (Dkt. 11.) Upon consideration and for the reasons that follow, the undersigned recommends that the Motion be granted in part and denied in part.

## BACKGROUND

Jody Dwayne Flowers ("Plaintiff") commenced this action against Eastern Account System of Connecticut, Inc. ("Defendant") seeking damages for unfair debt collection practices. (Dkt. 1.) Plaintiff contends that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §§ 559.55–559.785.

Plaintiff served the Summons and Complaint on Defendant's registered agent on May 20, 2021 and filed proof of service. (Dkt. 4.) Defendant never answered the Complaint or otherwise defended this action. On July 6, 2021, Plaintiff filed a Motion

for Default by Clerk of Court. (Dkt. 7.) The Clerk of the Court subsequently entered a default against Defendant. (Dkt. 8.) Plaintiff now moves for entry of default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). (Dkt. 11.)[1]

## APPLICABLE STANDARDS

When a party fails to plead or otherwise defend a judgment for affirmative relief, the clerk of the court must enter a default against the party against whom the judgment was sought. Fed. R. Civ. P. 55(a). If the plaintiff's claim is for a sum certain or an ascertainable sum, then the clerk, upon the plaintiff's request and upon an affidavit of the amount due, must enter a judgment by default. Fed. R. Civ. P. 55(b)(1). In all other cases, the party entitled to judgment must apply to the district court for a default judgment. Fed. R. Civ. P. 55(b)(2). A court may enter a default judgment against a defendant who never appears or answers a complaint, "for in such circumstances the case never has been placed at issue." *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986).

Furthermore, a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact. *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005); *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[2] However, "before entering a default judgment for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true

---

[1] Pursuant to Federal Rule of Civil Procedure 55(b)(2), Defendant is not entitled to notice of Plaintiff's Motion because Defendant never appeared in or defended against this action in any manner.
[2] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent the decisions the former Fifth Circuit rendered prior to October 1, 1981.

due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (emphasis omitted). Therefore, in considering whether to enter default judgment, the court must first determine whether the complaint states a claim for relief. In addition to the pleadings, the court may also consider evidence presented in support of the motion for default judgment, including testimony and affidavits. *Equal Emp't Opportunity Comm'n v. Titan Waste Servs. Inc.*, No. 3:10-cv-379-MCR-EMT, 2014 WL 931010, at *6 (N.D. Fla. Mar. 10, 2014); *cf. Super Stop No. 701, Inc. v. BP Prod. N. Am. Inc.*, No. 08-civ-61389, 2009 WL 5068532, at *2 n.4 (S.D. Fla. Dec. 17, 2009) (noting that "unchallenged affidavits are routinely used to establish liability and damages" for default judgment).

## ANALYSIS

### A. Service of Process

In seeking a default judgment, Plaintiff bears the burden of establishing proper service of the Complaint. *See Rajotte v. Fabco Metal Prod., LLC*, No. 6:12-cv-372-ORL-28, 2012 WL 6765731, at *2 (M.D. Fla. Dec. 13, 2012), *report and recommendation adopted,* No. 6:12-cv-372-ORL-28, 2013 WL 57722 (M.D. Fla. Jan. 4, 2013) (denying motion for default judgment without prejudice due to improper service). Even if a defaulting defendant has actual notice of the action, "[i]nsufficient or improper service cannot support the entry of a default judgment." *Opella v. Rullan*, No. 10-civ-21134, 2011 WL 2600707, at *4 (S.D. Fla. June 29, 2011), *report and recommendation adopted,*

No. 10-civ-21134, 2011 WL 13220496 (S.D. Fla. Aug. 9, 2011) (citing *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007)); *see Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("In the absence of such service (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant.").

Plaintiff's Return of Service reflects service of process by personal delivery to Defendant's registered agent. (Dkt. 4.) Federal Rule of Civil Procedure 4(h)(1)(B) provides that a corporation may be served by delivering a copy of the summons and complaint to the entity's registered agent. Thus, Plaintiff properly effected service on Defendant.

### B. Liability

In Plaintiff's first cause of action, she seeks damages for Defendant's violation of the FDCPA. As an initial matter, the undersigned notes that the FDCPA has a one-year statute of limitations—the action "must be commenced within one year from the date on which the violation occurs." *Kaplan v. Assetcare, Inc.*, 88 F. Supp. 2d 1355, 1360 (S.D. Fla. 2000) (citing 15 U.S.C. § 1692k(d)). Plaintiff alleges the violation occurred on November 4, 2020 (Dkt. 1 ¶ 28) and commenced this action on May 19, 2021, less than one year later. (Dkt. 1.) Thus, Plaintiff's claim is timely.

To prevail on a claim under the FDCPA, a plaintiff must establish: "(1) the plaintiff has been the object of collection activity, (2) the defendant is a debt collector, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA."

*Bacelli v. MFP, Inc.*, 729 F. Supp. 2d 1328, 1344 (M.D. Fla. 2010) (citing *Kaplan*, 88 F. Supp. 2d at 1360–61). "The FDCPA does not expressly define 'collection activity.'" *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193 n.15 (11th Cir. 2010). However, courts have found collection activity where the defendant sent a letter communication demanding payment in full and plainly establishing that it was an attempt to collect a debt. *See Pinson v. Albertelli L. Partners LLC*, 618 F. App'x 551, 554 (11th Cir. 2015) (finding that letters including an implicit demand for payment, stating the amount of the debt, and providing a means of payment were collection communications); *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1217 (11th Cir. 2012) (finding that a letter stating it was sent in attempt to collect a debt and demanding payment in full was a collection communication).

Additionally, a "debt collector" is defined by the FDCPA as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).[3] Finally, the FDCPA prohibits (1) collection communications to a consumer, without their consent, if the debt collector knows he or she is represented by counsel; (2) harassing, abusive, or oppressive conduct in connection with debt collection; (3) false, deceptive, or misleading representations in

---

[3] The FDCPA definition of "debt collector" includes exceptions not applicable here. 15 U.S.C. § 1692a(6).

collection with debt collection; and (4) unfair or unconscionable means to collect a debt. 15 U.S.C. §§ 1692c(a)(2), 1692d, 1692e, 1692f.

The following facts are set forth in Plaintiff's Complaint and deemed admitted by Defendant's default. *Cotton*, 402 F.3d at 1278. Plaintiff allegedly owed a debt to Frontier Communications of America, Inc., d/b/a Frontier Communications ("Frontier"). (Dkt. 1 ¶ 13.) Plaintiff filed a voluntary bankruptcy petition under Chapter 7 of Title 11 of the United States Code. (*Id.* ¶ 15.) The bankruptcy petition included the alleged debt to Frontier. (*Id.* ¶ 17.) After the bankruptcy court entered an order of discharge, Frontier transferred or placed Plaintiff's alleged debt with Defendant for collection. (*Id.* ¶ 24.) Defendant is a debt collector as defined by the FDCPA. (*Id.* ¶¶ 9, 10.) Defendant had actual knowledge of the bankruptcy discharge and Plaintiff's representation by counsel and access to all records relating to the bankruptcy discharge. (*Id.* ¶¶ 25–27.)

Notwithstanding, on or about November 4, 2020, Defendant sent Plaintiff a collection communication attempting to collect the alleged debt. (*Id.* ¶ 28.) The letter, attached to the Complaint, set forth the amount of the alleged debt, advised Plaintiff to pay the debt in full to avoid further collection activity, and stated that it was "an attempt to collect a debt" by "a debt collector." (*Id.* at 37.) Due to Defendant's knowledge of the bankruptcy discharge, Defendant sent the collection communication with actual knowledge that it could not assert a legal right to collect the debt. (*Id.*

¶¶ 29–32.) The undersigned therefore recommends that these allegations are sufficient to establish Defendant's liability under the FDCPA.

In her second, third, and fourth causes of action, Plaintiff alleges that Defendant violated the FCCPA. (*Id.* ¶¶ 44–67.) Plaintiff asserts separate claims for different subsections of the FCCPA: count two, Florida Statutes § 559.72(7), abusive or harassing conduct; count three, Florida Statutes § 559.72(9), attempting to collect a debt with knowledge that the debt is not legitimate; and count four, Florida Statutes § 559.72(18), communication with a debtor despite knowledge that the debtor is represented by counsel. (*Id.*). "Because the FDCPA and FCCPA utilize identical definitions of debt, courts routinely evaluate claims under both laws simultaneously." *Plummer v. Debski & Assocs., P.A.*, No. 8:19-cv-2329-T-35TGW, 2020 WL 7419662, at *2 (M.D. Fla. Dec. 3, 2020); *see Oppenheim v. I.C. Sys., Inc.*, 627 F.3d 833, 839 (11th Cir. 2010). To prevail on a FCCPA claim, a plaintiff must demonstrate the same elements required under the FDCPA. *Id.* As set forth above, Plaintiff's Complaint contains allegations sufficient to prove Defendant's liability on counts two, three, and four under the FCCPA. Accordingly, it is recommended that Plaintiff has established Defendant's liability under the FCCPA.

### C. Damages

Plaintiff seeks $1,000 in statutory damages under the FDCPA and $1,000 in statutory damages under the FCCPA. As an initial matter, the undersigned finds, in its discretion, that a hearing is not required to determine Plaintiff's damages. A

hearing is not required to determine a damages award if "sufficient evidence is submitted to support the request." *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008); *see Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911–12 (11th Cir. 2011); *Shropshire v. Towing & Auto Repair Mgmt. Corp*, No. 8:20-cv-1931-TPB-CPT, 2021 WL 2904907, at *4 (M.D. Fla. Apr. 23, 2021), *report and recommendation adopted,* No. 8:20-CV-1931-TPB-CPT, 2021 WL 2895741 (M.D. Fla. July 9, 2021). Here, Plaintiff seeks only statutory damages "and the essential evidence as to these damages is already in the record," such that a hearing is not necessary. *Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1365 (N.D. Ga. 2011).

Pursuant to the FDCPA and FCCPA, a debt collector found to be in violation of these statutes may be liable to an individual for statutory damages not to exceed $1,000. 15 U.S.C. § 1692k(a)(2)(A); Fla. Stat. § 559.77(2); *see Frazier*, 767 F. Supp. 2d at 1366. In determining the statutory damages award, the court "shall consider, among other relevant factors . . . the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1); *see* Fla. Stat. 559.77(2).

The undersigned recommends that Plaintiff is entitled to the maximum statutory damages under the FDCPA and FCCPA. Plaintiff maintains that, after her alleged debt was discharged in bankruptcy, Defendant nevertheless persisted in attempting to collect the alleged debt. Moreover, Plaintiff alleges that Defendant had actual knowledge of the discharge, actual knowledge of her status as a represented

party, and actual knowledge that it had no legal right to collect the debt. Finally, through its default, Defendant has not provided any basis for the Court to consider a lesser award. Therefore, the undersigned recommends that Plaintiff be awarded $1,000 in statutory damages under the FDCPA and $1,000 in statutory damages under the FCCPA, for a total damages award of $2,000.

### D. Attorney's Fees and Costs

Plaintiff also seeks an award of $2,988.50 in attorney's fees and $452.00 in costs under the FCCPA. (Dkt. 11.) Plaintiff's Motion includes an affidavit from counsel identifying the attorneys and staff that worked on this matter and their applicable rates, as well as an invoice detailing the time expended.[4] (Dkt. 11-2.) However, pursuant to Middle District of Florida Local Rule 7.01(a), a party seeking attorney's fees and nontaxable expenses must "obtain an order determining entitlement before providing a supplemental motion on amount." In accordance with this bifurcated procedure, the undersigned will consider Plaintiff's entitlement to attorney's fees.

Florida Statutes § 559.77(2) provides that a defendant found in violation of the FCCPA may also be held liable for court costs and reasonable attorney's fees. As the undersigned recommends that Plaintiff has established Defendant's liability under the

---

[4] The Motion does not include any evidence regarding the reasonableness of the hourly rates requested, including the experience, reputation, and skill of the attorneys and staff. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *see also Pollock v. Move4All, Inc.*, No. 6:19-cv-130-ORL-31DCI, 2020 WL 5505389, at *3 (M.D. Fla. Aug. 21, 2020), *report and recommendation adopted,* No. 6:19-cv-130-ORL-31DCI, 2020 WL 5500213 (M.D. Fla. Sept. 11, 2020).

FCCPA, the undersigned further recommends that Plaintiff is entitled to an award of reasonable attorney's fees and court costs.

The bifurcated procedure set forth in Local Rule 7.01(a) does not apply to taxable fees set forth in 28 U.S.C. § 1920. Plaintiff seeks costs of $402 for the filing fee and $50 for service of process. (Dkt. 11-2.) The filing fee is specifically taxable under 28 U.S.C. § 1920(1) and the undersigned recommends that the request be granted. Service fees are also taxable under § 1920(1), provided they do not exceed the statutory fee of $65.00 per person per hour for each item served. *Equal Emp't. Opportunity Comm'n v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000); 28 U.S.C. § 1921; 28 C.F.R. § 0.114(a)(3). Therefore, the undersigned recommends that Plaintiff's request for the $50 service fee be granted.

Accordingly, it is **RECOMMENDED**:

1. Plaintiff's Motion for Default Judgment against Defendant (Dkt. 11) be **GRANTED in part** and **DENIED without prejudice in part** to the extent stated herein.
2. The Clerk be directed to enter judgment in favor of Plaintiff and against Defendant on all causes of action set forth in Plaintiff's Complaint.
3. Plaintiff be awarded $2,000.00 in statutory damages.
4. Plaintiff be awarded $452.00 in taxable costs.
5. The Clerk be directed to enter judgment in favor of Plaintiff against Defendant in the amount of $2,452.00.

6. The Court find that Plaintiff is entitled to reasonable attorney's fees and direct Plaintiff to file a supplemental motion on the amount thereof in accordance with Middle District of Florida Local Rule 7.01(c).

**IT IS SO REPORTED** in Tampa, Florida, on January 21, 2022.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Kathryn Kimball Mizelle
Counsel of Record