UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JODY DWAYNE FLOWERS,

    Plaintiff,

v.                                                                   Case No: 8:21-cv-1210-KKM-JSS

EASTERN ACCOUNT SYSTEM OF
CONNECTICUT, INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the court on Plaintiff's Motion for Attorneys' Fees and Costs ("Motion"). (Dkt. 17.) For the reasons that follow, the Court recommends that the Motion be granted.

## BACKGROUND

Jody Dwayne Flowers ("Plaintiff") commenced this action against Eastern Account System of Connecticut, Inc. ("Defendant") seeking damages for unfair debt collection practices. (Dkt. 1.) Defendant never answered the Complaint or otherwise defended this action. On February 5, 2022, the court granted Plaintiff's motion for default judgment against Defendant and awarded Plaintiff $2,000 in statutory damages and $452 in taxable costs. (Dkt. 14.) The court further found that Plaintiff is entitled to reasonable attorneys' fees and directed Plaintiff to file a supplemental motion regarding the amount in accordance with Middle District of Florida Local Rule 7.01.

(*Id.*)  In this Motion, Plaintiff moves for an award of attorneys' fees in the amount of $3,638.50.  (Dkt. 17.)

## APPLICABLE STANDARDS

In determining an attorneys' fees award, courts apply the following three-step process: (1) determine whether the party is entitled to recover attorneys' fees and costs; (2) determine the lodestar amount, which is calculated by multiplying the number of hours reasonably expended in litigating the claim by the reasonable hourly rate; and (3) adjust the lodestar, if necessary, to account for the results obtained by the prevailing party.  *Atlanta J. & Const. v. City of Atlanta Dep't of Aviation*, 442 F.3d 1283, 1289 (11th Cir. 2006).

A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.  *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).  Generally, the relevant market for purposes of determining the reasonable hourly rate for an attorney's services is the place where the case is filed.  *Am. Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999) (quoting *Cullens v. Georgia Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994)).

The party applying for fees bears the burden of establishing the reasonableness of the proffered rate with direct evidence of rates charged under similar circumstances or with opinion evidence.  *Norman*, 836 F.2d at 1299.  In addition, the court may use its own expertise and judgment to make an appropriate independent assessment of the

reasonable value of an attorney's services. *Id.* at 1303–04.  In calculating the hours reasonably expended on litigation, the court should exclude excessive, unnecessary, and redundant hours and any time spent litigating discrete and unsuccessful claims. *Id.* at 1301–02.

After the lodestar is determined, a court must decide whether an adjustment to the lodestar is necessary based on the results obtained. *Id.* at 1302.  As such, a court may adjust the lodestar based on whether the results obtained were exceptional, excellent, or of partial or limited success, thereby compensating for all hours reasonably expended for excellent results or reducing the amount for partial or limited success. *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434–36 (1983)).

## ANALYSIS

### A. Reasonable Hourly Rate

Plaintiff seeks an hourly rate of $375 per hour for work performed by Brian L. Shrader, a partner, $250 per hour for work performed by Alejandro J. Mendez, an associate, and $135 per hour for work performed by Kellie N. O'Connell, a paralegal. (Dkt. 17-1 at 2.)  Plaintiff bears the burden to establish that the requested rates are the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Renninger v. Phillips & Cohen Assocs., Ltd.*, No. 8:10-cv-5-T-33EAJ, 2010 WL 3259417, at *2 (M.D. Fla. Aug. 18, 2010) (citing *Norman*, 836 F.2d at 1303).  To satisfy this burden, Plaintiff offers the

affidavit of Mr. Shrader, detailed time records, and an affidavit from Thomas S. Dolney, Esq. (Dkts. 17-1, 17-2.)

In the Motion, Plaintiff describes the experience and credentials of Plaintiff's counsel and paralegal. (Dkt. 17 at 4.) Additionally, Mr. Shrader identifies recent cases in this district in which the court approved the requested hourly for Mr. Shrader. (Dkt. 17-1.) Finally, Mr. Dolney opines that the requested hourly rates are within the range of "typical and prevailing market rates" and are reasonable for the claims at issue in this case. (Dkt. 17-2.) Mr. Dolney has approximately fifteen years of experience practicing law within this district and is familiar with "all aspects of civil litigation, commercial litigation, and business transactions." (Dkt. 17-2.) Defendant is deemed to have no objection to the requested rates pursuant to Local Rule 3.01(c).

Upon consideration of the submitted affidavits, time records, expertise of the court, and absence of any objection from Defendant, the undersigned finds that the requested rates are reasonable. These rates are consistent with the prevailing market rates for similar legal services in a case of this complexity. *See, e.g.*, *Hering v. Halsted Fin. Servs., LLC*, 2017 WL 4355626, at *6 (M.D. Fla. Oct. 2, 2017).

### B. Hours Reasonably Expended

Next, the court turns to the hours expended on the litigation by Plaintiff's attorneys. The court should "exclude excessive, unnecessary and redundant hours, and also time spent litigating discrete and unsuccessful claims." *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1332 (M.D. Fla. 2002). While Plaintiff bears the burden to provide evidence in support of its fee request, "[t]hose opposing fee

applications have obligations, too." *Am. Civil Liberties Union of Georgia*, 168 F.3d at 428. "In order for courts to carry out their duties in this area, 'objections and proof from fee opponents' concerning hours that should be excluded must be specific and 'reasonably precise.'" *Id.* (quoting *Norman*, 836 F.2d at 1301). Accordingly, a fee opponent's failure to lodge specific objections to an attorney fee request is generally viewed as fatal. *See Scelta*, 203 F. Supp. 2d at 1333; *see also Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387, 1389 (11th Cir. 1997).

As Defendant has defaulted in this action and did not respond to the Motion, the Motion is deemed unopposed pursuant to Local Rule 3.01(c). Plaintiff seeks an award for 11.2 hours expended by its legal team in litigating this case. (Dkt. 17-1.) Additionally, Plaintiff seeks an award for 1.9 hours expended to prepare the present Motion. (*Id.*) In support of this request, Plaintiff submits detailed time records of all work performed by Mr. Shader, Mr. Mendez, and Ms. O'Connell. (*Id.*) Further, Mr. Dolney opines that the hours expended by each professional were reasonable. (Dkt. 17-2.)

Plaintiff may be awarded fees for time reasonably spent litigating its underlying claims, as well as time spent litigating entitlement to and the amount of attorneys' fees incurred. *Wolff v. Royal Am. Mgmt., Inc.*, 545 F. App'x 791, 796 (11th Cir. 2013) (citing *Thompson v. Pharmacy Corp. of Am.*, 334 F.3d 1242, 1245 (11th Cir. 2003)). Upon consideration of Plaintiff's evidence, the court's expertise, and the lack of objection from Defendant, the undersigned finds that the number of hours expended by Plaintiff's counsel were reasonable.

### C. Adjustments to the Lodestar

After determining the lodestar amount, "[t]he court may then adjust the lodestar to reach a more appropriate attorney's fee, based on a variety of factors, including the degree of the plaintiff's success in the suit." *Ass'n of Disabled Americans v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 (11th Cir. 2006). An adjustment may be proper to compensate for all hours reasonably expended if the result was excellent or to reduce the lodestar if the result was partial or limited success. *Norman*, 836 F.2d at 1302.

In *Hensley v. Eckerhart*, the Supreme Court explained that the "most critical factor" in determining a fee award is "the degree of success obtained." 461 U.S. at 436. This evaluation requires the court to consider the extent to which Plaintiff prevailed on unrelated claims or whether Plaintiff achieved a level of success in the ligation to support the fees requested. *Id.* at 434; *see Ass'n of Disabled Ams.*, 469 F.3d at 1359; *Norman,* 836 F.2d at 1302; *De Armas v. Miabraz, LLC*, No. 12-20063-civ, 2013 WL 4455699, at *6 (S.D. Fla. Aug. 16, 2013).

Plaintiff seeks an upward adjustment to the lodestar and asks the court to apply a multiplier of 1.5. (Dkt. 17 at 8–10.) In support, Plaintiff relies on the Florida Supreme Court's decision in *Standard Guar. Ins. Co. v. Quanstrom*, 555 So. 2d 828 (Fla. 1990). (Dkt. 17.) In *Quanstrom*, the Court identified certain factors for the court's consideration in assessing fee awards under Florida statutes where counsel is employed by a contingency agreement. *Quanstrom*, 555 So. 2d at 834–36. These factors include:

> (1) The time and labor required, the novelty, complexity, and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
> (2) The likelihood that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) The fee, or rate of fee, customarily charged in the locality for legal services of a comparable or similar nature;
>
> (4) The significance of, or amount involved in, the subject matter of the representation, the responsibility involved in the representation, and the results obtained;
>
> (5) The time limitations imposed by the client or by the circumstances and, as between attorney and client, any additional or special time demands or requests of the attorney by the client;
>
> (6) The nature and length of the professional relationship with the client;
>
> (7) The experience, reputation, diligence, and ability of the lawyer or lawyers performing the service and the skill, expertise, or efficiency of effort reflected in the actual providing of such services; and
>
> (8) Whether the fee is fixed or contingent . . . .

*Quanstrom*, 555 So. 2d at 831 n.3.

However, "[t]here is a strong presumption that the lodestar yields a reasonable fee." *Griffith v. McDonough*, No. 20-14464, 2021 WL 4461605, at *2 (11th Cir. Sept. 29, 2021) (citing *In re Home Depot Inc.*, 931 F.3d 1065, 1082 (11th Cir. 2019)). This is a simple case alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §§ 559.55–559.785. Counsel was not precluded from accepting other employment, counsel's professional relationship with Plaintiff was relatively brief, Defendant defaulted in this action, and Plaintiff prevailed on default judgment, not through contentious litigation. (Dkt. 17.) Therefore, upon consideration of all relevant factors, the undersigned recommends that the application of a multiplier is

not appropriate. *See, e.g.*, *Frechette v. Nat'l Credit Sys., Inc.*, No. 8:19-cv-37-T-23JSS, 2020 WL 7408378, at *5 (M.D. Fla. Mar. 30, 2020), *report and recommendation adopted,* No. 8:19-cv-37-T-23JSS, 2020 WL 7408376, at *5 (M.D. Fla. July 7, 2020); *Castro v. Cap. One Servs., LLC*, No. 8:16-cv-889-T-17TGW, 2017 WL 6765246, at *5 (M.D. Fla. Dec. 15, 2017), *report and recommendation adopted,* No. 8:16-cv-889-T-17TGW, 2018 WL 276126 (M.D. Fla. Jan. 2, 2018); *Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1368 (N.D. Ga. 2011) (finding an adjustment "inappropriate" because it was "a typical case" alleging violations of the FDCPA and FCCPA); *Thomas v. Oxford Mgmt. Servs., Inc.*, No. 3:11-cv-188-J-37JRK, 2011 WL 13323443, at *7 (M.D. Fla. Oct. 13), *report and recommendation adopted,* 2011 WL 13323442 (M.D. Fla. Nov. 2, 2011) (finding "no reason for an adjustment of the attorneys' fees" in FDCPA case).

## CONCLUSION

In sum, the undersigned finds that the requested hourly rates for each member of Plaintiff's legal team are reasonable. Additionally, the hours expended by Plaintiff's counsel and paralegal were reasonably spent working on this case and this Motion. The undersigned therefore recommends that Plaintiff be awarded $3,638.50 in attorneys' fees.[1]

---

[1] This amount reflects the calculations set forth in Mr. Shrader's affidavit (Dkt. 17-1 at 2) and includes both fees incurred in the litigating the underlying case and preparing this Motion.

Accordingly, it is **RECOMMENDED**:

1. Plaintiff's Motion for Attorneys' Fees and Costs (Dkt. 17) be **GRANTED**.

2. Plaintiff be awarded $3,638.50 in reasonable attorneys' fees.

3. The Clerk be directed to enter judgment in favor of Plaintiff against Defendant in the amount of $3,638.50.

**IT IS SO REPORTED** in Tampa, Florida, on April 28, 2022.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Kathryn Kimball Mizelle
Counsel of Record